# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ROSEMARY HALL,

    Plaintiff,

v.

STATE FARM INSURANCE, et al.,

    Defendants.

Case No. 17-2491-CM-GLR

## MEMORANDUM & ORDER

Plaintiff moves to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a) and has supplied the requisite financial affidavit pursuant to § 1915(a)(2) (ECF 3). The Court grants Plaintiff's motion. The Court also addresses her two subsequent motions.

First, Plaintiff filed a Motion to Appoint Counsel (ECF 5). Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In addition to determining the financial need of the movant, if the court determines the movant has a colorable claim, then it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts." *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)). The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Id.* (citing *Williams v. Messe*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)). The party moving for appointment of

counsel bears the burden to convince the court there is sufficient merit to his claim to warrant appointment of counsel. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Considering the above factors, the Court concludes as follows: (1) It is not clear at this juncture that Plaintiff has asserted a colorable claim. (2) The issues are not complex. (3) Plaintiff appears capable of adequately presenting facts and arguments. Accordingly, the Court denies her motions to appoint counsel at this time. However, this denial is without prejudice. If it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew her motion.

Second, Plaintiff filed a Motion for Order (ECF 5). She requests leave for a higher court to rule on this matter in order to move her case forward. In light of the foregoing rulings, the motion is denied as moot.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Proceed In Forma Pauperis is granted. Pursuant to 28 U.S.C. § 1915(a)(1), Plaintiff may commence this action without prepayment of fees or security. The Clerk shall issue Summons for Defendant. Service of the Summons and Complaint shall be made by a United States Marshal or Deputy Marshal or by a person specially appointed pursuant to Fed. R. Civ. P. 4(c)(3).

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Counsel (ECF 4) is denied without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave of Court (ECF 5) is denied as moot.

Dated October 31, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
