IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ROSEMARY HALL,**        )<br>                                                   )<br>              **Plaintiff,**          )<br>                                                   )<br>**v.**                                             )<br>                                                   )           **Case No. 17-2491**<br>**STATE FARM INSURANCE, et al.,** )<br>                                                   )<br>              **Defendants.**      )<br>_____) | |

### **MEMORANDUM AND ORDER**

This case is before the court on two motions filed pro se by plaintiff (among other motions): plaintiff's Motion for Extension of One Day to Present and Submit this Motion on Answering the Court (Doc. 23) and plaintiff's Motion to Answer the Court (Doc. 24). Both motions appear to be filed in response to an order to show cause issued by the court on January 10, 2018. The motions are essentially unnecessary because plaintiff already responded to the court's order to show cause on January 12. But the court understands that there was some confusion created in the filing and timing of the orders (two orders to show cause were entered on different dates, relating to different motions) and the responses by plaintiff.

The court will grant plaintiff's motion for extension of time (Doc. 23) and will consider the document filed January 19, 2018 (as well as the responses filed January 12, 2018) when ruling on defendants' motions to dismiss and to quash service. But the court denies without prejudice other relief that plaintiff seeks in Doc. 24: namely, to assign a lawyer; to allow plaintiff "not to receive mail on Mondays and Tuesdays"; and to "not mandate that [plaintiff have] a phone to communicate" and "allow all conversations to be recorded." These issues may be taken up as needed throughout the case. The court notes that plaintiff has a motion to appoint an attorney pending, and that motion will be

considered in the ordinary course of business. As for the timing of plaintiff's mail, if delayed mail receipt becomes an issue, plaintiff may raise that issue again as needed. And as for phone communication, this court does not anticipate communicating with plaintiff by phone. But to the extent that the magistrate judge needs to communicate by phone, the court will allow the magistrate judge to make his own determination of whether to require recording of the conversation or whether to require phone usage at all. This court has noted the constraints indicated by plaintiff and will attempt to consider them when issuing further orders in this case.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Extension of One Day to Present and Submit this Motion on Answering the Court (Doc. 23) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Answer the Court (Doc. 24) is granted in part and denied in part. The court will consider the response filed January 19, 2018 (as well as the responses filed January 12, 2018) when ruling on defendants' motions to dismiss and to quash service. But the court denies without prejudice other relief that plaintiff seeks in Doc. 24: namely, to assign a lawyer; to allow plaintiff "not to receive mail on Mondays and Tuesdays"; and to "not mandate that [plaintiff have] a phone to communicate" and "allow all conversations to be recorded." These issues may be taken up as needed throughout the case.

**IT IS FURTHER ORDERED** that plaintiff has shown good cause why the court should not grant defendants' motions to dismiss and to quash service as uncontested and without the benefit of a response by plaintiff. In considering and ruling on defendants' motions (Docs. 10 and 13), the court will consider the responses filed by plaintiff on January 12, 2018 and January 19, 2018.

Dated this 8th day of March, 2018, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**