IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROSEMARY HALL,**

    **Plaintiff,**

    v.

**STATE FARM INSURANCE,** et al.,

    **Defendants.**

Case No. 17-2491-CM-GLR

## MEMORANDUM AND ORDER

Plaintiff Rosemary Hall renews her request for appointment of counsel (ECF 21). This Court previously denied her first request for appointment of counsel.[1] Because Plaintiff has not provided any legal basis for appointment of counsel, the motion is denied.

In its original denial of Plaintiff's request for counsel, the Court discussed the factors the Tenth Circuit has adopted for determining whether appointment of counsel is appropriate. Those factors include "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[2] At that time, the Court concluded: "(1) It is not clear at this juncture that Plaintiff has a colorable claim. (2) The issues are not complex. (3) Plaintiff appears capable of adequately presenting facts and arguments."[3] The Court also noted that "[i]f it becomes apparent that appointed counsel is necessary as this case progresses, Plaintiff may renew her motion."[4]

---

[1] ECF 6.
[2] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (citing *Maclin v. Freake*, 650 F.2d 885, 886 (7th Cir. 1981)).
[3] ECF 6 at 2.
[4] *Id.*

"In general, there is no constitutional right to appointment of counsel in a civil case."[5] The Court has broad discretion when deciding whether to request an attorney to represent a party proceeding *in forma pauperis*.[6] In her renewed motion, Plaintiff does not provide any information that changes the Court's previous conclusions. She has not affirmatively shown that she asserts a meritorious claim, and her complaint provides an insufficient basis for the Court to appoint counsel at this time.[7] Her case appears to be for insurance benefits for injuries she apparently claims from an automobile accident. The Court finds that this issue is not complex. Finally, Plaintiff continues to appear capable of adequately presenting facts and arguments.

Additionally, Plaintiff has shown no effort to find an attorney to represent her on a contingent-fee basis. "To obtain appointment of counsel, a party must make diligent efforts to secure counsel. This typically requires the party to meet with and discuss the case with at least five attorneys."[8] Here, it does not appear Plaintiff has met with any attorneys.

Finally, Defendants have filed separate motions to dismiss, both of which are still pending.[9] A court may decide to postpone the decision to appoint counsel until after the resolution of a dispositive motion "as a means of weeding out frivolous or unmeritorious cases."[10] At this time, based on the factors for appointment of counsel and the timing of Plaintiff's request, Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion to Assign Legal Representation to Plaintiff (ECF 21) is **denied without prejudice.**

---

[5] *Lewis v. Frontier AG, Inc.*, No. 14-2010-JTM-GLR, 2014 WL 644970, at *1 (D. Kan. Feb. 19, 2014) (citing *Nelson v. Boeing Co.*, 446 F.3d 1118, 1120–22 (10th Cir. 2006) (noting that "the only context in which courts have recognized a constitutional right to effective assistance of counsel in civil litigation is in immigration cases.")).
[6] *Id.* (citing *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 F. App'x 744, 749 (10th Cir. 2009)).
[7] *Id.* at *2.
[8] *Id.* (citing *Jeannin v. Ford Motor Co.*, No. 09-2287-JWL-DJW, 2009 WL 1657544, at *1 & n. 10 (D. Kan. June 12, 2009)).
[9] *See* ECF 10, ECF 13.
[10] *Lewis*, 2014 WL 644970, at *2–3 (citing *Ficken v. Alvarez*, 146 F.3d 978, 981 (D.C. Cir. 1998)).

**IT IS SO ORDERED.**

Dated March 15, 2018, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge
