## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ROSEMARY HALL,                         )
                                       )
                Plaintiff,             )
                                       )
v.                                     )
                                       )            **Case No. 17-2491**
STATE FARM INSURANCE, et al.,          )
                                       )
                Defendants.            )
_____)

## MEMORANDUM AND ORDER

Plaintiff Rosemary Hall was on her bicycle in Wylie, Texas when she was hit by a vehicle driven by Erich Steinheimer (who is named as a defendant as "John Doe"). Mr. Steinheimer was insured by defendant State Farm Mutual Automobile Insurance Company. Plaintiff brought this suit because she is unhappy with how State Farm has handled her claim against its insured. She seeks payment for her medical bills and for violation of her privacy rights.

Defendants filed two similar motions: Motion of State Farm Mutual Automobile Insurance Company to Quash Service and Dismiss (Doc. 10) and Motion of John Doe – W.H. Knight to Quash Service and Dismiss (Doc. 13). Both motions argue that plaintiff (1) failed to properly serve defendants; (2) possibly named defendants when she only intended for them to be listed as agents for service; (3) failed to establish that the court has personal jurisdiction over defendants; (4) failed to state a claim; and (5) is barred from bringing her claims by the statute of limitations. For the following reasons, the court grants defendants' motions.

In both motions, defendants first ask the court to quash service. But ordinarily, even if the court quashes service, the court allows plaintiffs another opportunity to properly effect service unless doing so would be futile. *Pell v. Azar Nut Co.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) ("We note that

when a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant.")  The court will therefore proceed under the assumption that service was not proper, and look first to whether plaintiff's complaint must be dismissed on other grounds that would made a second attempt at service futile (and would independently require dismissal of a properly-served complaint).  The court moves directly to whether it has personal jurisdiction over defendants.

A plaintiff opposing a motion to dismiss for lack of personal jurisdiction bears the burden of establishing that exercise of personal jurisdiction over the defendant is proper.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).  If the motion to dismiss is submitted before trial on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing.  *Id*.  Ultimately, the plaintiff must prove the factual basis for jurisdiction by a preponderance of the evidence at trial.  *Id*.  But on a pre-trial motion to dismiss, the court resolves all factual disputes in the plaintiff's favor.  *Id*.  If the plaintiff makes the required prima facie showing, "a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'"  *OMI Holdings, Inc. v. Royal Ins. Co. of Can*., 149 F.3d 1086, 1091 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).

The court evaluates whether it has personal jurisdiction under the forum state's long-arm statute and constitutional due process requirements.  *Capitol Fed. Sav. Bank v. E. Bank Corp.*, 493 F. Supp. 2d 1150, 1158 (D. Kan. 2007).  At times, Kansas courts have employed a two-step analysis to determine personal jurisdiction—looking first to the Kansas long-arm statute, Kan. Stat. Ann. § 60-308(b), and then to the United States Constitution.  *Travel Mktg. Assocs. v. Theatre Direct Int'l*, No. 01-2579-CM, 2002 WL 31527737, at *2 (D. Kan. Oct. 8, 2002) (citations omitted).  But "[t]he Kansas

long arm statute is liberally construed to assert personal jurisdiction over nonresident defendants to the full extent permitted by the due process clause of the Fourteenth Amendment to the U.S. Constitution." *Volt Delta Res., Inc. v. Devine*, 740 P.2d 1089, 1092 (Kan. 1987) (citations omitted). The court therefore proceeds directly to the constitutional inquiry. *See OMI Holdings*, 149 F.3d at 1090; *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir. 1994); *Volt Delta Res., Inc.*, 740 P.2d at 1092.

The first question in determining whether a defendant is subject to the court's personal jurisdiction is whether the defendant has sufficient "minimum contacts" with the state of Kansas to satisfy the constitutional guarantee of due process. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990). Sufficient "minimum contacts" can be established in one of two ways. *Topliff v. Atlas Air, Inc.*, 60 F. Supp. 2d 1175, 1178 (D. Kan. 1999). First, "[g]eneral jurisdiction lies when the defendant's contacts with the forum state are so continuous and systematic that the state may exercise personal jurisdiction over the defendant, even if the suit is unrelated to the defendant's contacts with the state." *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996). Second, "[s]pecific jurisdiction exists when a defendant purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws, and the claims against him arise out of those contacts." *Topliff*, 60 F. Supp. 2d at 1178 (citing *Kuenzle*, 102 F.3d at 455). Plaintiff fails to establish either general or specific jurisdiction over defendants.

There is no indication or allegation here that defendants had any contacts at all with Kansas— let alone contacts of any quality or quantity. The incident happened in Texas. There are no facts to support an inference that any defendant had continuous and systematic contacts with Kansas or purposefully directed activities toward Kansas. Mr. Steinheimer was insured under a policy issued in Texas. There is no suggestion that he has any connection to Kansas at all. During all times State Farm

communicated with plaintiff about her claims, State Farm communicated with plaintiff at 301 Binney Lane, Wylie, Texas 75098.  State Farm is a citizen of Illinois.  It is not a domiciliary of Kansas.  And it is not clear that W.H. Knight, Jr. or Michael L. Tipsord are intended defendants in this action.  Mr. Knight is a member of the Board of Directors of State Farm and Mr. Tipsord is the CEO and Chairman of State Farm.  They appear to only be named by plaintiff as agents for service of process on State Farm and John Doe/Mr. Steinheimer.  But even if the court were to consider these men named defendants who could be properly served, plaintiff has not shown that the court has personal jurisdiction over them.  W.H. Knight, Jr. resides in Metropolitan Seattle, Washington, had no contact with plaintiff, and was not involved in her claim.  Michael L. Tipsord resides in Illinois.  He is not involved in the day-to-day operations of State Farm.  He has no knowledge of plaintiff's claim and has not been involved in any way.  The only connection this case appears to have with Kansas is the fact that plaintiff now lives in Kansas.  This is not sufficient to confer personal jurisdiction over any defendants in the case. *See Rambo v. Am. S. Ins. Co*, 839 F.2d 1415, 1420 (10th Cir. 1968) (finding no purposeful available because the only contacts with the forum state were "fortuitous," resulting from the plaintiff's change of address after the relevant events occurred).

If the court finds minimum contacts, the court must "consider whether the exercise of jurisdiction offends 'traditional notions of fair play and substantial justice.'" *OMI Holdings*, 149 F.3d at 1091 (citation omitted).  There is no need in this case to proceed to this inquiry, however, as plaintiff has not shown any contacts by defendants with the state of Kansas.  The court therefore grants defendants' motions to dismiss for lack of personal jurisdiction.  Even if the court were to quash service, allowing plaintiff the opportunity to re-serve defendants would be futile.  The court dismisses the case in its entirety.

As a final note, there are a number of other issues with plaintiff's complaint that would be dispositive of this case, if the court had not decided the case on the matter of personal jurisdiction. Even if plaintiff were to bring this action in Texas or the court were to sua sponte consider transferring it to Texas under 28 U.S.C. § 1631, plaintiff's action is barred by the statute of limitations. Plaintiff alleges the incident occurred on August 18, 2015, and plaintiff did not file her complaint until August 25, 2017. Texas has a two-year statute of limitations on tort claims, as does Kansas. *See* Tex. Civ. Practice & Remedies Code Ann. § 16.003(a); Kan. Stat. Ann. § 60-513. Further, there is no indication that plaintiff has already pursued a cause of action against Mr. Steinheimer. Texas is not a "direct action" state, meaning that plaintiff cannot bring a tort or bad faith action against an insurer before obtaining a judgment against the alleged tortfeasor. *Jones v. CGU Ins. Co.*, 78 S.W.3d 626, 628–29 (Tex. Ct. App. 2002). Finally, although plaintiff attempts to bring a right of action under the Health Insurance Privacy Act, ("HIPPA"), she has not alleged that State Farm improperly disclosed or used any of her medical records. Moreover, State Farm is an insurer, which is not listed as one of the entities to which the HIPPA requirements apply. *See* 45 C.F.R. § 164.104.

The court is sympathetic to plaintiff's situation. It is unfortunate that she has suffered injuries and is dealing with medical bills. But even construing plaintiff's pro se complaint liberally, the court cannot allow this case to proceed. It is not in the interest of justice to sua sponte consider transferring the case to Texas under these circumstances. *See Trujillo v. Williams*, 465 F.3d 1210, 1222 (10th Cir. 2006); *see also Arocho v. Lappin*, 461 F. App'x 714, 719 (10th Cir. 2012) (noting that the court may take a "peek at the merits" to determine whether to transfer to another court with jurisdiction).

**IT IS THEREFORE ORDERED** that the Motion of State Farm Mutual Automobile Insurance Company to Quash Service and Dismiss (Doc. 10) is granted.

**IT IS FURTHER ORDERED** that the Motion of John Doe – W.H. Knight to Quash Service and Dismiss (Doc. 13) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Unmask John Doe (Doc. 34) and Motion to Appoint Counsel (Doc. 32) are denied as moot.

The case is dismissed without prejudice and shall be closed.

Dated this 7th day of May, 2018, at Kansas City, Kansas.

> **s/ Carlos Murguia**
> **CARLOS MURGUIA**
> **United States District Judge**