IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROSEMARY HALL,                        )
                                      )
            Plaintiff,                )
                                      )
v.                                    )
                                      )      Case No. 17-2491
STATE FARM INSURANCE, et al.,         )
                                      )
            Defendants.               )
                                      )

## MEMORANDUM AND ORDER

Plaintiff Rosemary Hall was on her bicycle in Wylie, Texas when she was hit by a vehicle driven by Erich Steinheimer (who is named as a defendant as "John Doe"). Mr. Steinheimer was insured by defendant State Farm Mutual Automobile Insurance Company. Plaintiff brought this suit because she is unhappy with how State Farm has handled her claim against its insured. She seeks payment for her medical bills and for violation of her privacy rights.

On May 7, 2018, this court dismissed plaintiff's case. Plaintiff filed an appeal with the Tenth Circuit on May 23, 2018. Then, in July 2018, plaintiff filed a document titled "Motion in Plenary Authority of the Civil Court to Preserve the Defendant's Constitutional Rights to be Properly Served and Remedy an Error of the Court" (Doc. 44). In August, plaintiff filed a second document with this court—this one titled "Motion of Summary Judgment for the 10th District Court" (Doc. 45). This second document was also sent to the Tenth Circuit, and appears to be addressed to that court.

The relief that plaintiff seeks with her first motion is somewhat unclear. The motion appears to argue that the court erred in dismissing the case. Plaintiff also requests the following relief:

    1. Order service on Erich Steinheimer;

2. Sanction defendants for submitting a fraudulent document—the declaration of W.H. Knight, Jr.;

3. Sanction defendants for erroneously stating that it had been three years since the accident instead of two years;

4. Award plaintiff pro se fees for what she has had to endure; and

5. Award plaintiff other damages allowed under law.

For the court to grant plaintiff relief on ground 1 or 5 above, the court would have to set aside the judgment in this case. Plaintiff filed her motion more than twenty-eight days after judgment was entered, so the court would need to construe her motion as one under Rule 60(b). Plaintiff, however, has not shown a valid basis for granting relief from judgment under Rule 60(b). Under Rule 60(b), the court may grant relief from judgment for "(1) mistake, inadvertence, surprise, or excusable neglect; . . . (3) fraud . . . misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief." Plaintiff has not identified the basis on which she wants the court to grant relief from judgment, but these three options seem the most likely, given plaintiff's allegations of error, fraud, and misconduct.

None of the arguments in plaintiff's motion justify Rule 60(b) relief. Relief is only proper under Rule 60(b) in "exceptional circumstances." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation omitted). Whether to grant or deny a 60(b) motion is committed to the court's discretion. *Pelican Prod. Corp. v. Marino*, 893 F.2d 1143, 1145 (10th Cir. 1990). Parties should not use Rule 60(b) as a platform to present their arguments a second time or as a substitute for an appeal. *See generally Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996) (indicating that subsection (b)(1) of Rule 60 should not be used to reargue an issue (citations omitted)).

Plaintiff already has filed her appeal, and her arguments appear to be a reiteration of why dismissal of her case was not warranted. No relief is warranted under Rule 60(b)(1).

As for plaintiff's allegations of fraud and misconduct, to receive relief under Rule 60(b)(3), a litigant must prove misconduct by clear and convincing evidence. *Anderson v. Dep't of Health & Human Servs.*, 907 F.2d 936, 952 (10th Cir. 1990). Plaintiff has not met this burden. The attachments of certified mail receipts do not provide clear and convincing evidence that Mr. Knight made fraudulent statements in his declaration in support of dismissal.

Rule 60(b)(6) permits relief for "any other reason justifying relief." Subsection (6) is the rule's "catchall" provision. It is reserved for situations in which it "offends justice" to deny relief, *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998), and applies only in "extraordinary circumstances," *Van Skiver*, 952 F.2d at 1244–45 (citation omitted). Extraordinary circumstances are not present here. Plaintiff disagrees with the court's assessment of her case. But disagreement with an outcome does not present the extraordinary circumstances necessary to justify relief under Rule 60(b)(6).

As for plaintiff's requests 3 and 4, the court determines that sanctions are not appropriate. As noted above, plaintiff's evidence attached to her motion does not show that the declaration of W.H. Knight, Jr., was fraudulent. And defendants acknowledged that they erroneously stated that the accident was three years prior (instead of two) in a court document. (Doc. 26.) No basis exists to sanction any party for misconduct.

Finally, plaintiff asks for "pro se fees" because she has operated at a disadvantage in this case (i.e., without counsel) and defendants acted with a lack of candor. While this case was pending, plaintiff asked for appointment of counsel three times. The first two times, Judge Rushfelt carefully reviewed the law for appointing counsel and thoroughly evaluated whether plaintiff met the standards

in this case. The third time, the court denied the request as moot because the case was simultaneously being dismissed. There is no legal basis for awarding fees of any type to plaintiff because she was not entitled to appointment of counsel. Furthermore, the court will not award fees based on the conduct of defendants. While defendants may have initially made a mistake in referring to the time of the accident, they corrected that mistake in the record before the court issued its rulings—rulings that referred to the timing of the lawsuit only when determining whether to transfer the case sua sponte.

As for Doc. 45, the request is directed to the Tenth Circuit instead of this court. Plaintiff appears to have sent a courtesy copy to this court and the document was construed and filed as a motion. Because plaintiff's request for relief is directed to the Tenth Circuit, and plaintiff already has an appeal pending, the court denies Doc. 45 as moot. Defendants' corresponding motion to strike Doc. 45 (Doc. 46) is also denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's motion titled "Motion in Plenary Authority of the Civil Court to Preserve the Defendant's Constitutional Rights to be Properly Served and Remedy an Error of the Court" (Doc. 44), which the court has construed in part as a Motion for Relief from Judgment under Rule 60(b), is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion titled "Motion of Summary Judgment for the 10th District Court" (Doc. 45) is denied as moot, as is defendants' corresponding motion to strike (Doc. 46).

Dated this 27th day of August, 2018, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**